John R. Clemency (Bar No. 009646)
Lindsi M. Weber (Bar No. 025820)
Janel M. Glynn (Bar No. 025497)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
john.clemency@gknet.com
lindsi.weber@gknet.com
janel.glynn@gknet.com
*Counsel for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| MACAVITY COMPANY, LLC | Case No. 2:17-bk-08474-BKM |
| Debtor. | **MOTION TO COMPEL COMPLIANCE WITH RULE 2004 ORDER ISSUED TO MONTEX LANDS INC.; AND NOTICE OF LODGING ORDER COMPELLING PRODUCTION AND GRANTING SANCTIONS AGAINST MONTEX** |
| | **Expedited Consideration Requested** |

Macavity Company, LLC, an Arizona limited liability company (the "Debtor"), and debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Case") submits this motion to compel Montex Lands Inc. ("Montex") to comply with this Court's Order dated October 16, 2017 (Dkt. #62; the "2004 Order") requiring production of five (5) categories of documents by Montex. Despite considerable efforts (both prior to and after the Court-ordered production deadline), Montex has produced **nothing** to date.

As previously feared (*see, e.g*., Dkt. #85),[1] Montex has utterly refused to comply with the duly issued, properly served, now long overdue Rule 2004 production obligation (due on Monday, November 6, 2017); and instead Montex continues to engage in dilatory, obstructionist conduct by refusing to comply with this Court's 2004 Order.

When counsel for the Debtor first learned that Montex had allegedly sold its note to a familiar party (John Quinlan of Multistate Interests – an attorney and land developer who, upon information and belief, has previously worked with or is otherwise familiar with Montex – in fact, both Montex and Multistate were introduced to the Debtor through the same third party broker and Quinlan sought voluminous information from the Debtor back in August as a potential equity investor), undersigned counsel reached out to both of Montex's counsel to confirm that Montex would timely comply with the Court's 2004 Order.

Debtor's counsel was told that replacement counsel would be appearing for Montex, but upon reaching out to that counsel to confirm that the Montex production would be timely forthcoming and to promptly address any concerns, was informed that he (replacement counsel) had not yet been retained by Montex. *See* Exhibit A – October 24-25, 2017 emails with Richard Nye re: Montex 2004 Order.

In the initial contact with Mr. Nye, Debtor's counsel set forth the background, status, and timeframes under the 2004 Order for replacement counsel. *Id.* Other than a single line response informing Debtor's counsel that he did not yet represent Montex, counsel did not otherwise substantively respond or object to the 2004 Order (most likely because there is no basis to object to an Order issued by this Court requiring production of five categories of documents relating to the largest claim currently being asserted in this Case).

---

[1] As set forth in its prior filing, "the Debtor has been whipsawed between various counsel for Montex, and is simply trying to avoid the untenable situation where Montex vanishes without complying with its obligations in this Case." *See* Dkt. #85 at p. 2. Unfortunately, the Debtor's fears have come to fruition.

Thereafter, nearly two weeks after the initial contact and with no further objection or indication from Montex, late in the day on the final business day before the production deadline Mr. Nye sent a two paragraph letter to Debtor's counsel (*see* Exhibit B), objecting to the 2004 Order on assorted grounds (largely mirroring those asserted by Montex's former counsel, but now on behalf of the new client, Multistate, in a second Motion to Reconsider). Replacement counsel appears to have been unaware that this Court had recently denied, sua sponte, the demand by Multistate to reconsider the Multistate Rule 2004 Order in this Case.[2] *See* Dkt. #89, 90. Replacement counsel was also apparently unaware that the prior objection filed on behalf of Montex had been voluntarily withdrawn. *See* Dkt. #82.

Debtor's counsel responded to Mr. Nye the next business day, which was also the production deadline under the 2004 Order. *See* Exhibit C – emails dated November 6-7, 2017. Debtor's counsel reiterated the deadlines and timeframes under the 2004 Order, explained the various filings to date in the Case, pointed out the utter lack of merit in the positions allegedly asserted on behalf of Montex, and again requested production of the

---

[2] Counsel for Multistate and counsel for the Debtors have been working cooperatively to address discovery, depositions, and production of various materials on adjusted timeframes. For example, rather than utilize either Rule 2004 or Rule 7034 (for discovery on a party in the Case), Multistate issued a third party subpoena to the Debtor, demanding twenty (20) categories of documents to be produced six (6) calendar days later. *See* Subpoena dated November 1, 2007, courtesy copy provided to counsel at 2:52 p.m. on November 1, and demanding production on November 7, 2017 – just four business days later.

Rather than delay production based on the improper discovery mechanism attempted by Multistate, or otherwise slow down the discovery process in this Case, the Debtor set to work gathering the requested materials, and will be producing nearly 9000 pages of responsive materials on Monday, November 13, 2017.

Multistate has also agreed to expedite its own production under the Multistate 2004 Order (which required production on or before 11/15, and Multistate has voluntarily agreed to produce its Court-ordered materials on 11/13). However, it is unknown at this point what, if anything, Multistate may be producing in response. To the extent that Multistate does not possess or produce documentation that is allegedly exclusively within Montex's custody and control, immediate compliance by Montex is critical to the Debtor's ability to evaluate and address the largest alleged claim asserted against this estate.

3

materials ordered to be produced by this Court. Debtor's counsel further requested a meet and confer call in the event that Montex continued in its refusal to produce the Court-ordered documents. *Id.*

In response, Mr. Nye sent a one paragraph email informing counsel that despite his correspondence the prior Friday afternoon, he "was asked to prepare a letter to you and I have no other representation of Montex at this time. I may be retained in the future…" *See* Exhibit C. Debtor's counsel attempted again the next day to reach some sort of agreement, or at least find out the status of Montex's <u>failure to produce a single document</u>, and to date has received no response. *Id*. Accordingly, the Debtor seeks the assistance of this Court to compel production of the documents ordered by this Court back in October.[3]

## **CONCLUSION**

A certification of counsel is attached to this Motion, and the background of correspondence between Montex counsel and Debtor's counsel to date on this issue is set forth in the Exhibits to this Motion. This Motion will be served on Mr. Nye, as well as sent via overnight delivery to Montex's last known address set forth in the notice of withdrawal filed by Montex's former counsel. *See* Dkt. #80. No email address was provided for Montex in the Notice. *Id.*

---

[3] Montex's prior counsel (counsel at the time of entry, and served with notice of the 2004 Order) acknowledged both the notice and the due date for the Montex production in the Reply in support of counsel's withdrawal request, representing to this Court that:

> "The 2004 Order requires that documents be produced 'upon at least 21 days' notice (or a date agreeable to the parties).' The 2004 Order was noticed on October 16, 2017, thus making the due date **November 6, 2017** which of course, is eleven days away. Montex has not failed to comply with the 2004 Order."

Dkt. #86 (emphasis in original). Those eleven days have come and gone, along with an entire additional week, and Montex has undeniably "failed to comply with the 2004 Order."

For the reasons set forth above, and supported by the record in this Case, the Debtor respectfully requests that this Court issue an Order compelling Montex to produce, within 48 hours of entry of this Court's Order to Compel, the documents required by the Court's 2004 Order. The Debtor further requests an award of sanctions against Montex in the form of attorneys' fees incurred in obtaining Montex's compliance with the Court's 2004 Order. A proposed form of Order is attached as Exhibit D, and was lodged concurrently with this filing.

RESPECTFULLY SUBMITTED this 13th day of November, 2017.

> GALLAGHER & KENNEDY, P.A.
>
> By: */s/ Lindsi M. Weber*
> John R. Clemency
> Lindsi M. Weber
> Janel M. Glynn
> 2575 East Camelback Road
> Phoenix, Arizona 85016-9225
> *Attorneys for Debtor*

COPIES sent by U.S. Mail to the parties on the master mailing list attached to the court's copy only this 13th day of November, 2017.

COPY ALSO SENT VIA OVERNIGHT DELIVERY TO:

Montex Lands, Inc.
5815 Gulfton Street
Houston, Texas 77081

COPY ALSO EMAILED TO:

Patty Chan
Office of the United States Trustee
230 N. First Ave., #204
Phoenix, AZ 85003
patty.chan@usdoj.gov

1 | Carolyn J. Johnsen
Dickinson Wright PLC
2 | 1850 N. Central Avenue #1400
Phoenix, AZ 85004-4568
3 | cjjohnsen@dickinsonwright.com
*Attorney for Multistate Interests, LLC*

4

5 | D. Lamar Hawkins
Heather A. Macre
Aiken Schenk Hawkins & Ricciardi
6 | 2390 E. Camelback Rd., Suite 400
Phoenix, AZ 85016
7 | dlh@ashrlaw.com
ham@ashrlaw.com
8 | *Attorneys for D & J Commercial, LLC*

9 | Richard Q. Nye
nye@nyeltd.com
10

11 | */s/ Gloria Kannberg*

## LOCAL RULE 9013-1(E) CERTIFICATION OF COUNSEL

I, Lindsi M. Weber, certify that after personal consultation and sincere efforts to do so, the parties have been unable to resolve the matter addressed in the foregoing Motion.

*/s/ Lindsi M. Weber*