# EXHIBIT A

## Weber, Lindsi M.

**From:** Richard Q. Nye <nye@nyeltd.com>
**Sent:** Wednesday, October 25, 2017 11:55 AM
**To:** Weber, Lindsi M.
**Cc:** Clemency, John R.; Brooke Ingerson
**Subject:** RE: Montex - Macavity Chapter 11

Lindsi: I have not yet been retained by Montex. Regards, Rick

***Richard Q. Nye,*** Attorney
**Direct Telephone: 602.424.2690 email:** nye@nyeltd.com
9141 E. Hidden Spur Trail, Suite 105, Scottsdale, AZ 85255
Telephone: 602.712.9900, Direct: 602-424-2690
Fax: 602.926.2584 Web: www.nyeltd.com

*CAUTION:* This Transmission is intended to be read only by the person to whom it is addressed. The information contained may be confidential, privileged or otherwise exempt from disclosure. If you are not the intended person, please delete this message and notify me at 602.712.9900. *ALSO:* Any tax advice included in this communication is not intended to be used, and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.

**From:** Weber, Lindsi M. [mailto:lindsi.weber@gknet.com]
**Sent:** Tuesday, October 24, 2017 3:15 PM
**To:** Richard Q. Nye <nye@nyeltd.com>
**Cc:** Clemency, John R. <john.clemency@gknet.com>
**Subject:** Montex - Macavity Chapter 11

Rick –

I understand based on recent discussions with CJ that you will be stepping in to represent Montex in the pending Chapter 11 proceedings. Attached please find a copy of the previously entered Rule 2004 Order to Montex (Dkt. #62) signed on October 13, entered on October 16, and served on Montex through counsel on October 16, 2017. *See* Certificate of Service at Dkt. #70.

Per the Court's revisions to the Order (see attached) providing for a 21-day response timeframe, and per the notice of service, the requested documents are due for production on or before November 6, 2017. I understand that Montex may be objecting to production of the Court-ordered documents, and if so, we need to resolve any objection immediately or bring it to the attention of the Court as soon as possible in light of the upcoming deadlines.

Accordingly, please let me know no later than noon tomorrow whether Montex will be objecting to the 2004 requests, and if so, on what basis. I can make myself available for a meet and confer call on Thursday; if Montex intends on objecting, please let me know what might work for your schedule on Thursday for a call to discuss and see if we can resolve without the need to involve the Court. In light of the fact that there are only five categories of document requests, I am hopeful that we can work out any concerns promptly once you have reviewed. Thank you –

Regards,

2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
602-530-8000 | www.gknet.com

**Lindsi M. Weber**
Attorney Profile
lindsi.weber@gknet.com
602-530-8202

This message and any of the attached documents contain information from the law firm of Gallagher & Kennedy, P.A. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

ORDERED ACCORDINGLY.

Dated: October 13, 2017

Brenda K. Martin, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>MACAVITY COMPANY, LLC<br>Debtor. | Chapter 11 Proceedings<br>Case No. 2:17-bk-08474-BKM<br>**ORDER GRANTING APPLICATION FOR RULE 2004 EXAMINATION AND SETTING DEADLINE FOR PRODUCTION OF DOCUMENTS BY MONTEX LANDS INC.** |

THIS MATTER COMES BEFORE THE COURT pursuant to the *Application for Order Setting Rule 2004 Examination and Deadline for Production of Documents by Montex Lands Inc.* (the "2004 Motion") filed by Macavity Company, LLC (the "Debtor"), and debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Case"), requesting production and examination of Montex Lands Inc. ("Montex"). Based on the Motion and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

(BKM)

1. Without the need of any further subpoena or order of this Court, ~~within 14 days of the entry of this Order,~~ and upon at least 21 days notice (or on a date agreeable to the parties) Montex shall produce to the Debtor, c/o Lindsi M. Weber, Gallagher & Kennedy, P.A., 2575 E. Camelback Rd., Suite 1100, Phoenix, Arizona, all documents and communications described in Exhibit A to this Order.

2. Without the need of any further subpoena or order of this Court, Montex, by and through a representative with the most knowledge about the affairs of Montex as it relates to the Debtor and the subject matter of the document requests contained in this Motion and the documents responsive to such requests shall appear at the law office of Gallagher & Kennedy, P.A., 2575 E. Camelback Rd., Suite 1100, Phoenix, Arizona, ~~no later than **10 days** after production of the documents described in Exhibit A~~ on at least 28 days notice (or such other date and location agreed to by the parties), to be examined by counsel for the Debtor, pursuant to Bankruptcy Rule 2004, regarding all matters that may affect the administration of the Debtor's estate.

(BKM)

**DATED AND SIGNED ABOVE.**

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For purposes of the foregoing ***ORDER GRANTING APPLICATION FOR RULE 2004 EXAMINATION AND SETTING DEADLINE FOR PRODUCTION OF DOCUMENTS BY MONTEX LANDS INC.,*** the following definitions and instructions shall apply:

1. "Account" means any financial account, including bank accounts, savings accounts, money market accounts, checking accounts, brokerage accounts, or other financial accounts, wherever located.

2. "Agreement" means any agreement, contract, lease, settlement, order, stipulation, or memorandum of understanding, formal or informal, written or oral, without regard to its enforceability or validity at law or in equity.

3. "And" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of this discovery request all responses which might otherwise be construed to be outside the scope.

4. "Assets" means any and all property of any kind, real and personal, tangible and intangible, including cash held by the debtor, avoidance actions, class action claims held by the estates, and other causes of action.

5. "Bankruptcy Case" means Bankruptcy Case No. 2:17-bk-08474-BKM filed by the Debtor in the United States Bankruptcy Court for the District of Arizona.

6. "Property" means the real property commonly referred to as the Whitewing Trails Project, consisting of approximately 860 acres of real property located at the NW Corner of Monte Carlo Blvd. and FM 75 in Princeton, Texas.

7. "Macavity" means Macavity Company, LLC, and its attorneys, representatives and/or agents of any kind, or any entity which is related thereto.

8. "Claim" means a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

9. "Communication" means all correspondence, notes, emails, faxes, memoranda, and all other forms of written or electronic communication. This definition includes any documents that are exchanged or transmitted in conjunction with any oral, written, or electronic communication, and includes any notes of or other documents memorializing the substance of such communication.

10. "Debtor" means Macavity Company, LLC, and its attorneys, representatives and/or agents of any kind, or any entity which is related thereto.

11. "Discussion" means any form of communication, written or oral.

12. "Document" refers to and includes the originals (or copies if the originals are unavailable to you), and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, of every writing of every type of description, and every other thing constituting any medium by which, through which, or on which any type of communication or knowledge has been transmitted, recorded, or preserved, whether printed, handwritten, recorded or graphic matter, computer records, photographic matter, or sound reproductions, wherever produced or recorded, whether claimed to be exempt from production pursuant to a properly asserted privilege or for any other reason, with this definition including, for illustrative purposes and without limitation, all of the following:

    (i) correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, check statements, check stubs, bank statements, memoranda, pamphlets, reports, surveys, studies,

analyses, tabulations, graphs, logs, statements, receipts, returns, summaries, pamphlets, books, inter-office or intraoffice communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, reports and/or summaries of investigations, opinions and/or reports of consultants, appraisals and/or other valuation estimates of any kind, and all drafts, alterations, modifications, changes and amendments of any of the foregoing;

(ii) all graphic or aural records and representations of any kind, including without limitation photographs, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures and electronic, mechanical or electrical records, cassettes, disks, or recordings of any kind; and (iii) electronic mail communications, computer disks and diskettes, computer input or output, computer hard drive files, computer back up tapes, zip drive files, recorded information, electromagnetic tapes used for preserving and backing up computer systems, data and information located in computer systems, on computer networks, and information in whatever other form stored or utilized by you on computer systems, or stored for you by a third party.

13. "Interest" means any equity, stock, membership, or other ownership interest of any kind.

14. "Person" means any natural person, corporation, limited liability company, partnership, association, trust, joint venture, sole proprietorship, firm, or other business enterprise, governmental entity, or legal entity, and means both the singular and plural.

15. "Relate to", "related to", "relating to", or "regarding" means mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, arising from, in connection with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

16. "You", "you", or "your" means Montex Lands Inc., and its members, managers, parent company, subsidiaries, employees, representatives, attorneys, accountants, agents and other representatives.

17. The singular form of any word shall include the plural, the masculine form of any word shall include the feminine. The terms "and" and "or" mean "and/or;" that is, the conjunctive or disjunctive, whichever results in the most comprehensive and exhaustive answer.

18. In producing the documents and communications described herein you are required to furnish all information available to you, including information in the possession of your attorneys, your investigators, and all persons acting on your behalf. If you cannot comply in full after exercising due diligence to secure documents and communications described herein, so state and provide a written explanation specifying the nature of your inability to comply, and providing whatever documents and communications you possess.

19. As to any document or communication withheld, in whole or in part, because of a claim of privilege or work product, you are required to provide a privilege log that:

(a) States the nature of the privilege claimed;

(b) Identifies the document or communication, and its author, sender, date, and all recipients; and

(c) Describes in general the subject matter of the withheld document or communication and identifies all persons having knowledge or custody of the document or communication.

20. If you possess, but fail or refuse to produce any document or communication described herein, for each such document and communication:

(a) Identify the date, author's name (and each addresser, if different from the author), each addressee's name and any additional information necessary to identify the document precisely; and

(b) Identify the specific ground(s) or reason(s) for your failure or refusal to produce the document or communication.

21. Your obligation to comply and produce the documents and communications described herein is a continuing obligation, and you are required to supplement your production if and when you or any person acting on your behalf obtains additional documents or communications described herein whether or not inconsistent with your original production.

## DOCUMENTS TO BE PRODUCED

1. All Documents, Communications and Agreements evidencing, regarding, relating to, reflecting, or which You assert support, any Claim against Macavity, including but not limited to:

    a. All agreements, promissory notes, security documents, liens, guaranties, contracts, assignments, correspondence, memoranda, e-mails or other forms of communication, spreadsheets, and accounting books and records;

    b. All documents, agreements, meeting notes, correspondence, contracts, or other documentation relating to any transactions between You and Macavity; and

    c. Any and all documents prepared or otherwise generated by You relating to Macavity or the Property, including without limitation, all paper and electronic summaries, notes, memoranda, meeting appointments, and phone logs.

2. All Documents, Communications and Agreements evidencing, regarding, relating to, or referring to, the Property, including but not limited to any valuations, broker opinions, appraisals, correspondence, memoranda, liens, or encumbrances.

3. All Documents, Communications and Agreements evidencing, regarding, relating to, or referring to any debt or obligation that you allege is owed to You by Macavity.

4. Any Documents, Communications and Agreements relating or referring to any Assets of the Debtor.

5. Any Documents, Communications and Agreements relating or referring to the Debtor, the Property, or any transactions with Macavity.